**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR FELIPE GONZALEZ, | No. 14-72283 |
| Petitioner, | Agency No. A089-245-668 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 11, 2019
San Francisco, California

Before: SCHROEDER and M. SMITH, Circuit Judges, and RAYES,** District Judge.

Oscar Felipe Gonzalez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal of an immigration judge's order of removal and denial of his application for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the agency's

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

factual determinations for substantial evidence, and we review questions of law de novo. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the BIA's determination that Gonzalez failed to meet his burden of establishing by clear and convincing evidence that he entered the United States lawfully. Gonzalez's primary evidence regarding the time, place, and manner of his entry was his testimony, which was inconsistent with his own prior sworn asylum application in which he admitted entering in both 1989 and 1994 without inspection. *See Covarrubias-Mendoza v. Barr*, 753 F. App'x 490, 490 (9th Cir. 2019); *see also* 8 U.S.C. § 1229a(c)(2); 8 C.F.R. § 1240.8(c). Gonzalez also is removable as an alien convicted of a crime involving moral turpitude, which was neither challenged below nor raised on appeal. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I); *see also Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (noting that failure to contest issue in opening brief resulted in waiver).

The BIA did not err in finding that Gonzalez failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) ("The applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*,

14-72283

26 I. & N. Dec. 227, 237 (BIA 2014))); *Molina-Estrada v. INS*, 293 F.3d 1089, 1095–96 (9th Cir. 2002) (noting family membership may, in some circumstances, constitute a social group, but concluding petitioner had not established persecution on account of family membership).  Gonzalez also failed to offer evidence that his alleged persecutors attributed a political opinion to him.  *See Sangha v. INS*, 103 F.3d 1482, 1488–89 (9th Cir. 1997) (noting that the petitioner "must show that his persecutors actually imputed a political opinion to him").  Gonzalez's withholding of removal claim therefore fails.

**PETITION FOR REVIEW DENIED.**

14-72283